Pub. Serv. Comm. *v.* Mount Vernon Taxicab Co. **497**

Misc.]            Supreme Court, November, 1917.

Public Service Commission, Second District, Petitioner, *v.* Mount Vernon Taxicab Company, Defendant.

(Supreme Court, Rockland Special Term, November, 1917.)

Carriers — of passengers — injunctions — automobiles — consent of local authorities — Laws of 1915, chap. 667, § 26 — public service commission — Transportation Corporations Law, § 25.

> The operation of defendant's auto bus line between the city of Mount Vernon and Rye Beach is in competition with another common carrier, and without the consent of the local authorities of the cities of Mount Vernon and New Rochelle as provided by section 26 of chapter 667 of the Laws of 1915, and a certificate of public convenience and necessity from the public service commission as required by section 25 of the Transportation Corporations Law, such operation is unlawful and will be enjoined.

Summary proceeding under section 57, Public Service Commissions Law.

Defendant, a domestic corporation, applied to the common council of Mount Vernon for consent to the operation of motor vehicles on the streets of that city, as provided by section 26 of chapter 667 of the Laws of 1915, and received the consent of that city. It made a like application to the common council of the city of New Rochelle, which did not grant its consent. Defendant, without making any application to the public service commission, as required by section 25 of the Transportation Corporations Law, commenced to operate an auto bus between Fifth Avenue bridge in Mount Vernon and Rye Beach, over the streets of Mount Vernon and New Rochelle for about seven miles and over a town highway for about four miles, for a fare of thirty-five cents in either direction. This proceeding was prosecuted for the purpose of enjoining such operation.

32

Ledyard P. Hale, for petitioner.

Jeremiah D. Toomey, for defendant.

TOMPKINS, J.   Counsel for the defendant urged me to read their brief through, and to do it carefully. That I have done, and have given much thought to the case and to every phase of it, and have reached the conclusion that the operation of the defendant's bus service between Mount Vernon and Rye Beach is in competition with another common carrier, and therefore without the consent of the local authorities of the cities of Mount Vernon and New Rochelle and a certificate of public convenience and necessity from the public service commission is unlawful.

The operation of the busses carrying about twenty people each on a regular line or route is altogether different than an ordinary taxicab service where vehicles are operated upon no regular route but take patrons anywhere they choose to go.   I think the defendant's bus line from New Rochelle and then on to Rye Beach is such a line as the statute contemplates can only do business with the consent of the local authorities and the public service commission.

The petitioner's application will, therefore, be granted, but without costs save taxable disbursements.

Application granted.