EARL N. DARLING, Plaintiff, *v.* SERVICE TRANSPORTATION CORPORATION and PHILIP DARLING, Defendants.

Supreme Court, Herkimer County, June, 1922.

Carriers — stage coach corporation organized under Transportation Corporations Law in 1914 — rights granted under certificate of incorporation constitute a special franchise — an individual cannot maintain action against corporation declaring its rights forfeited for failure to exercise its franchise — such action only maintainable by the people of the state — corporation may resume operations under its franchise without complying with additional conditions prescribed by Transportation Corporations Law since its incorporation — permanent injunction denied.

The defendant stage coach corporation was organized in 1914, under the Transportation Corporations Law at a time when section 25 thereof, as amended in 1913,

declared that " Any person or any corporation who or which owns or operates a stage route, or bus line wholly or partly upon or along a highway known as a state route or any road or highway constructed wholly or partly at the expense of the state * * * shall be deemed to be included within the meaning of the term ' common carrier,' as used in the public service commissions law, and shall be required to obtain a certificate of convenience and necessity for the operation of the route proposed to be operated, and shall be subject to all the provisions of the said law applicable to common carriers." The certificate of incorporation of said defendant stated that the route intended to be operated was over certain highways, including a highway connecting the village of Dolgeville with the city of Little Falls. *Held,* that the right granted to defendant by a certificate of incorporation constituted a special franchise.

Pursuant to a certificate of convenience and necessity granted by the public service commission for the operation of auto buses over and upon a route connecting certain communities and along a state highway to the city of Little Falls and over certain streets therein, the stage coach corporation operated a bus until some time in 1916 when regular service was abandoned. The effect of an amendment (Laws of 1915, chap. 669) to section 25 of the Transportation Corporations Law was to strike out the provision with reference to state roads, and make every person or corporation operating a bus line or stage route wholly or partly along any street, avenue or public place in any city a common carrier and under the necessity of procuring a certificate of convenience and necessity from the public service commission; and section 26 which was added made it also necessary to obtain the consent of the local authorities of the city over whose streets the line was operated in whole or in part.

After the discontinuance of service by the defendant company the plaintiff procured from said city the necessary consent to use the part of the route within the city and from the public service commission a certificate of convenience and necessity. After plaintiff had become established in business the individual defendant, as a competitor, commenced the operation of a motor vehicle line, and while the city granted to him the necessary consent to the use of the street, the public service commission, upon the ground that the operation of another line was unnecessary, refused a certificate of convenience and necessity, but notwithstanding said individual defendant continued to operate his line until the service upon him of an injunction in another case, herewith decided. *Held,* upon dismissing the complaint, that an action to procure a judgment declaring forfeited the rights of the defendant corporation because of its cessation of business and failure to exercise its franchise rights, was not maintainable.

Such a forfeiture can only be asserted in an action brought by the people of the state, not in a suit between third persons, and until such forfeiture is established by judgment, the corporation which had complied with all the conditions precedent to its operation of its franchise rights and had actually commenced the operation under its charter might again resume operation without complying with the additional condition precedent which had been added to the Transportation Corporations Law by the amendment of 1915, since the incorporation of the defendant corporation.

SUIT for permanent injunction.

*Robert F. Livingston,* for plaintiff.

*Bronner & Ward,* for defendants.

CHENEY, J. This action was brought for a permanent injunction restraining the defendants from operating a bus line over certain streets in the city of Little Falls.

The defendant Service Transportation Corporation was incor-

porated on or about May 1, 1914, pursuant to the provisions of article 4 of the Transportation Corporations Law as a stage coach corporation, the route being stated in its certificate of incorporation as follows: " The route or routes upon which it is intended to be run, as near as practicable, are the highways connecting the village or hamlet of Stratford, Fulton County, N. Y., with the village or hamlet of Salisbury Center and Salisbury Corners, in the Town of Salisbury, Herkimer County, and the Village of Dolgeville and the City of Little Falls, in the County of Herkimer, N. Y."

At that time there was in force section 25 of the Transportation Corporations Law as added by chapter 495 of the Laws of 1913, the material parts of which read as follows: " Any person or any corporation who or which owns or operates a stage route, or bus line wholly or partly upon or along a highway known as a state route or any road or highway constructed wholly or partly at the expense of the state   *   *   *   shall be deemed to be included within the meaning of the term ' common carrier,' as used in the public service commissions law, and shall be required to obtain a certificate of convenience and necessity for the operation of the route proposed to be operated, and shall be subject to all the provisions of the said law applicable to common carriers."

Conformable to the requirements of that section a petition, signed by the directors of the Service Transportation Company, was filed with the public service commission, praying for the granting of a certificate of convenience and necessity for the operation of such stage route. The route proposed is described in the petition as follows: " The route proposed to be covered is from the hamlet of Stratford in the County of Fulton to the hamlet of Salisbury Center in the County of Herkimer, passing along county highway No. 464 of the County of Herkimer between the said two hamlets; thence along county highway No. 463, through the hamlet of Salisbury Center to the Village of Dolgeville in the County of Herkimer, and thence along county highway No. 463 to the hamlet of Manheim Center in the Town of Manheim, and thence along county highway No. 133 to the City of Little Falls," and further " The said stage route and auto bus line passes through the hamlets of Stratford and Salisbury Center, in the town of Salisbury, and through a part of said town, through the village of Dolgeville, in the town of Manheim; the hamlet of Manheim Center in the town of Manheim, and through a part of said town and into and over Loomis Street, Whited Street, Burwell Street, and Alexander Street to Main Street in the City of Little Falls."

On April 28, 1914, the public service commission granted to

the Service Transportation Company a certificate of convenience and necessity for the operation of auto buses over and upon the said route, to wit: " Beginning at the hamlet of Stratford in the County of Fulton, running thence southerly along state highway No. 464 to the hamlet of Salisbury Center; thence along state highway No. 463, through the hamlet of Salisbury Center to the Village of Dolgeville, in the County of Herkimer; and thence along state highway No. 463 to the hamlet of Manheim Center in the town of Manheim; thence along state highway No. 133 to the City of Little Falls."

Pursuant to such certificate, the Service Transportation Company operated a bus line until some time in the year 1916, when regular service was abandoned, although George Service, one of the directors, testified that he occasionally operated an automobile owned by him for the purpose of taking hunters into Stratford.

By chapter 667, Laws of 1915, section 25 of the Transportation Corporations Law was amended to its present form, and section 26 was added. The effect of the amendment to section 25 was to strike out the provision with reference to state roads, and make every person or corporation operating a bus line or stage route wholly or partly along any street, avenue or public place in any city a common carrier and under the necessity of procuring a certificate of convenience and necessity from the public service commission; and section 26 which was added made it also necessary to obtain the consent of the local authorities of the city over whose streets the line was operated in whole or in part.

It is conceded here that the Service Transportation Corporation had not before the commencement of this action obtained any consent from the local authorities of the city of Little Falls to operate its bus line over the streets thereof.

The village of Dolgeville is a flourishing manufacturing village of about 3,500 inhabitants, situated about eight miles north of the city of Little Falls. After the discontinuance of service by the defendant company, there being no bus line or stage line in operation between the two places, the plaintiff started one, and procured from the city of Little Falls the necessary consent to the use of the part of the route within the city, and from the public service commission a certificate of convenience and necessity as required by law. He invested quite a sum of money in equipment and has built up a substantial business.

After the plaintiff had become established in business, the defendant Philip Darling commenced the operation of a motor vehicle line, using automobile touring cars, over the same route in competition with plaintiff. He was granted by the city of

Little Falls the necessary consent to the use of the streets, and applied to the public service commission for a certificate of convenience and necessity. This was refused, the commission holding that there was no necessity for the operation of another line. Notwithstanding the denial of the certificate, defendant Darling continued to operate his line until the service upon him of an injunction restraining the same in the case of *Darling* v. *Darling*, herewith decided (118 Misc. Rep. 817).

Shortly thereafter he made an arrangement with the defendant Service Transportation Company, by the terms of which, as claimed by the defendants, he rented to the corporation the two touring cars which he had formerly used as buses and hired the services of himself as driver for the sum of $3,000 per year, and started running the buses between Dolgeville and Little Falls in the name of the Service Transportation Company.

This action is brought to restrain such operation, and in the action a temporary injunction has been issued.

The contention of the defendant Service Transportation Company is that by its incorporation under article 4 of the Transportation Corporations Law, it became possessed of a special franchise to take and convey persons and property in stages and omnibuses, and to provide and run the necessary stages and omnibuses upon the route mentioned in its certificate of incorporation, and to take compensation therefor; that at the time of its incorporation the only condition precedent to the exercise of that right was the procuring of a certificate of convenience and necessity from the public service commission; that having procured such certificate, it became possessed of a vested right to run such omnibuses and stages, which right is not affected by the subsequent requirement added to the statute that it also obtain the consent of the local authorities of the city of Little Falls in which a portion of its route was located, and that such franchise right was not affected by the abandonment of the public service from 1916 to December 1, 1921.

Section 20 of the Transportation Corporations Law provides for the formation of corporations for the purpose of maintaining and operating stage or omnibus routes for public use in the conveyance of persons and property, by the execution and filing of a certificate of incorporation which shall state among other things the route upon which it is intended to run.

Section 22 confers upon such a corporation power " to take and convey persons and property in stages and omnibuses, and to provide and run the necessary stages and omnibuses upon their route or routes for the public use and to receive compensation therefor." There is not in the statute any express grant of a

right or privilege to use the public highways for the purpose of carrying on such business, but the defendant insists that such a grant is to be implied from the fact that in order to do such business practically the highways must necessarily be used, and in this particular case the certificate of incorporation filed states that the route to be used is over certain highways. I think it may fairly be said that it was the legislative intent to permit corporations organized under said act to use the highways mentioned in their respective certificates of incorporation for the purpose of transacting the business for which they were incorporated, and that the right so granted was a right to use public property for a public use, but with private profit, and constitutes a special franchise. *Lord* v. *Equitable Life Assur. Society,* 194 N. Y. 212, 225.

As the route to be used included highways constructed wholly or partly at the expense of the state, by virtue of section 25 of the same act the corporation was made a common carrier within the meaning of the term as used in the Public Service Commission Law, and subject to all the provisions of that law applicable to common carriers. Among the duties imposed upon the common carrier is that of supplying at all times safe and adequate service. Pub. Serv. Comm. Law, §§ 25, 26.

The question here presented is whether a stage coach corporation which has complied with all the conditions precedent to its operation, and has actually commenced operation under its charter, can thereafter abandon such operation and cease to perform the ordinary business of the corporation for a period of over five years, and then, after others have entered the field and are adequately filling the need, again resume operations without complying with additional conditions precedent, which have been added to the statute under which it was organized.

There does not seem to be any authority in this state decisive upon the question. This case differs materially from *Village of Fredonia* v. *Fredonia Natural Gas L. Co.,* 169 App. Div. 690, in that in that case the determining feature seems to be that there was not any absolute duty imposed upon the offending corporation to exercise the special franchise in question, and the court held that under such circumstances a suspension of operation did not work a forfeiture. In this case the statute does impose that duty on the corporation.

There can be no doubt but that by the suspension of its ordinary and lawful business for a period of over one year, its corporate rights, privileges and franchise have become forfeited and the corporation liable to dissolution upon that ground. Gen. Corp. Law, § 101. This rule has also been held to apply to a case where

there has been a failure to exercise a special franchise contained in a corporate grant (*People* v. *B. R. R. Co.*, 126 N. Y. 29) as well as where there has been an abandonment of such franchise after it has been exercised. *People* v. *Albany & Vermont Railroad Co.*, 24 N. Y. 261. But such forfeiture can only be asserted in an action by the people of the state from whom the franchise sprang, and not in a suit between third persons. *City of New York* v. *Bryan,* 196 N. Y. 158.

While the state has by the Constitution (Art. 8, § 1) reserved the right to repeal or amend charters granted to corporations, including the laws under which they are organized, this has been uniformly held not to include the right to interfere with or take away vested rights. *People* v. *O'Brien,* 111 N. Y. 1; *Holmes Electric Protective Co.* v. *Williams,* 228 id. 407, 422. The defendant corporation consequently had the right to exercise its secondary franchise, and was not obliged to comply with conditions precedent thereto provided by laws passed subsequent to its incorporation.

The case of *Public Service Commission* v. *Booth,* 170 App. Div. 590, is not in conflict with the views heretofore expressed. That case was concerned only with a municipal license, not with a secondary franchise. As such a license was only a temporary permit to do business and not in any sense property, it was held that it did not exempt its holder from compliance with the terms of the act subsequently passed requiring the certificate of the public service commission before operating a bus line.

The plaintiff cannot maintain an action to procure a judgment declaring forfeited the rights of the defendant corporation because of its cessation of business and failure to exercise its franchise rights. Until such forfeiture is established by judgment the corporation may again lawfully exercise such rights.

It follows, therefore, that the complaint should be dismissed, with costs. Findings may be prepared in accordance with the foregoing memorandum.

Judgment accordingly.