EARL N. DARLING, Plaintiff, *v.* PHILIP DARLING, Defendant.

Supreme Court, Herkimer County, June, 1922.

**Carriers — motor bus line — failure to obtain certificate of convenience and necessity — injunction.**

The plaintiff in the action immediately *ante* and decided herewith brings this action against the individual defendant in the other action to restrain him from operating with the consent of the city of Little Falls but without a certificate of public

convenience and necessity from the public service commission, a motor bus line over the portion of the route between said city and the village of Dolgeville. *Held*, that as plaintiff suffers special injury from the unlawful acts of defendant he is entitled to maintain the action, and while his claim for damages is denied he will be awarded judgment for a permanent injunction, the same to be so worded as not to interfere with the operation of a legitimate taxicab business by defendant.

SUIT for permanent injunction.

*Robert F. Livingston,* for plaintiff.

*Bronner & Ward,* for defendant.

*Ledyard P. Hale,* for Public Service Commission, *amicus curiæ.*

CHENEY, J. Plaintiff brings this action to obtain a judgment restraining the defendant from operating a motor bus line and vehicles in connection therewith along certain streets and highways in the city of Little Falls as a part of a route extending from Main and Second streets in the city of Little Falls along the state road to Dolgeville, in the town of Manheim, Herkimer county.

The action was commenced November 3, 1921, and a temporary injunction was granted by the county judge of Herkimer county. This was continued during the pendency of the action by the Special Term held by Mr. Justice Devendorf. The case was tried at the December Special Term, Herkimer, at which time the counsel for the public service commission, state of New York, was permitted to appear as *amicus curiæ,* and argue certain questions of law involved.

It fairly appears from the evidence that the plaintiff is and for some years last past has been engaged in the business of operating a motor bus line from the city of Little Falls to the village of Dolgeville. In the operation of such bus line he used the route beginning at the waiting room of the New York State Railways near the corner of Main and Second streets in the city of Little Falls, thence over the streets and highways of said city forming the usual route to the state highway leading to Dolgeville, and thence over said state highway to Dolgeville. On May 24, 1921, plaintiff obtained the consent of the local authorities of the city of Little Falls to the operation of his said bus line over that portion of the route which was located in that city, as required by section 26 of the Transportation Corporations Law, and on July 28, 1921, he obtained from the public service commission of the state of New York a certificate of public convenience and necessity for the operation of said bus line over the streets named in said consent from the city of Litt'e Falls as a part of a stage route to be operated between the city of Little Falls and the village of Dolgeville, as required by section 25 of the Transportation Corporations Law.

Plaintiff carries on this business by means of substantial buses, run on an hourly schedule, and has a very considerable sum of money invested in the business.

Defendant was in the livery business in Dolgeville and some time ago started in the business of carrying passengers over the same route between Little Falls and Dolgeville in motor vehicles consisting of touring cars, in opposition to plaintiff. He applied to the local authorities of the city of Little Falls for a consent to operate his bus line over the portion of the route located in the city and the consent was granted. He thereafter applied to the public service commission for a certificate of public convenience and necessity. Upon that application a hearing was held by the public service commission, and on September 15, 1921, the commission denied the application, holding that the operation of another bus line over the same route was not necessary. Defendant thereafter applied to the public service commission for a rehearing of the application for the certificate, which rehearing was refused. Notwithstanding the denial of his application, the defendant continued to operate his bus line without having obtained such certificate until restrained by the injunction in this action.

Section 25 of the Transportation Corporations Law provides that any person or corporation which owns or operates a stage route, bus line or motor vehicle line or route or vehicles carrying passengers at a rate of fifteen cents or less within the limits of a city or in competition with another carrier which is required by law to obtain the consent of the local authorities of said city to operate over the streets thereof, wholly or partly upon and along any street, avenue or public place in any city, shall be deemed a common carrier within the meaning of the Public Service Commission Law, and shall be required to obtain a certificate of convenience and necessity for the operation of the route or vehicles proposed to be operated, and shall be subject to all the provisions of that law applicable to common carriers.

Section 26 of the same law provides that no such bus line, stage line nor motor vehicle line or route, nor any such vehicles shall be operated wholly or partly upon or along any street, avenue or public place in any city, nor receive a certificate of public convenience and necessity, until the owner or owners thereof shall have procured the consent of the local authorities of said city to such operation.

Section 53 of the Public Service Commission Law provides that no common carrier shall exercise any franchise or right under any law, not theretofore lawfully exercised, without first having obtained the permission and approval of the commission, and gives power

to the commission to grant such permission and approval whenever it shall after due hearing determine that such exercise of the franchise or privilege is necessary or convenient for the public service.

This legislation must be construed in view of the conditions which prompted its enactment, and in the light of the evil which it was intended to correct. This is very well expressed in the language of the court in *Lane* v. *Whitaker*, 275 Fed. Rep. 476, 480, as follows: " The citizen has the right of travel upon the highways, and may transport his property thereon in the ordinary course of life and business; but this is a very different thing than permitting the highway to be used for commercial purposes, as a place of business, for private gain, in running jitney busses. The right, common to all, to the use of highways, is the ordinary use made thereof; but where, for private gain, a jitney owner wants a special and extraordinary benefit from the highway, to use it for such commercial purpose, the Legislature may, in the exercise of its police powers, wholly deny such use or it may permit it to some and deny it to others, and this is because of the extraordinary nature of such use. And where the Legislature grants the permission to use the highway, it may do so under regulations which are common to all applicants. They may grant, refuse, or revoke the license, and in so doing the Legislature may permit of rules and regulations when such use is granted. This it has done in the act in question, by providing that a body created under the law (the Public Utilities Commission) may make such rules and regulations and grant such license when public convenience and necessity require it."

When it appears that a person is operating any such route or vehicle without obtaining the consent of the municipality or the certificate of public convenience and necessity from the public service commission, such operation is unlawful and a case is presented for the prevention of such unlawful act by injunction. *Pub. Serv. Comm.* v. *Mt. Vernon Taxicab Co.*, 101 Misc. Rep. 497; *Public Service Commission* v. *Hurtgan*, 91 id. 432; *Niagara Gorge Railroad Co.* v. *Gaiser*, 109 id. 38; *United Traction Co.* v. *Smith*, 115 id. 73; *Brooklyn City Railroad Co.* v. *Whalen*, 191 App. Div. 737.

Defendant contends that as in the operation of his bus line he does not pick up passengers within the limits of the city of Little Falls for the purpose of carrying them to another point within said city and that no separate charge is made for any part of the transportation that is within the city of Little Falls, his operations do not bring him within the terms of sections 25 and 26 of the

Transportation Corporations Law, and that a certificate of public convenience and necessity is not required. This position is not tenable. The same claim was made in *Public Service Commission* v. *Hurtgan,* 91 Misc. Rep. 432, where Judge Brown analyzed the requirements of the statute in this language: " It is plain that certain motor vehicles cannot be lawfully operated in a city without obtaining the consent of the local authorities and a certificate from the Public Service Commission certifying to the public convenience and necessity thereof. It is believed that the statute requires such consent for the operation in a city of either: (a) A bus line, (b) A stage route, (c) A motor vehicle line or route, (d) A vehicle in connection with a bus line, a stage route, a motor vehicle line or route. (e) A vehicle carrying passengers at a rate of fare of fifteen cents or less for each passenger within the limits of a city. (f) A vehicle carrying passengers in competition with another common carrier which is required by law to obtain the consent of the local authorities of said city to operate over the streets thereof." There can be no dispute that defendant comes within class c above, as he was operating automobile touring cars between the city and the village upon a regular schedule, carrying passengers; and he also comes within class f, as he was carrying passengers for hire over the same route in competition with the plaintiff, who was a common carrier required by law to obtain the consent of the local authorities of the city of Little Falls to operate over the streets thereof. The fare charged was a gross fare for carriage between Dolgeville and Little Falls, and the cars customarily proceeded to the corner of Main and Second streets in Little Falls, although passengers were picked up and discharged at any point desired alone the route.

Defendant's counsel practically admits in his brief that from July first to October first defendant was operating unlawfully, but claims that upon the denial of his application for a certificate by the public service commission he ceased to operate his bus line, but thereafter ran his cars only as taxicabs. The evidence given at the trial upon which he bases his argument was unconvincing to my mind, especially in view of the fact that after the service of the injunction in this case, defendant entered into an arrangement with a corporation which formerly had operated a bus service, and thereafter ran his buses in the name of that corporation until prevented by another injunction. The weight of the evidence is strongly to the effect that defendant continued to operate his bus line after the denial of the certificate by the public service commission until the service of the injunction in this case, and I so find.

Defendant also attacks the standing of the plaintiff to maintain this case, by pointing out certain alleged defects in the proceedings by which plaintiff obtained his consent from the city of Little Falls, which was a condition precedent to the certificate of public convenience and necessity which he obtained from the public service commission. These objections are highly technical, and if this were a proceeding by the city of Little Falls or the public service commission to enjoin the operation by plaintiff of his bus line because he had not obtained the consent of the city, it would probably be necessary to decide them. But the fact remains that the plaintiff procured, after public notice and hearing, the consent of the local authorities of the city of Little Falls to the operation of his bus line within the city, and has complied with the terms and conditions therein prescribed; that he has obtained from the public service commission a certificate of convenience and necessity for the operation of the route and vehicles proposed to be operated, and that he has been and is engaged in operating a bus line between the city of Little Falls and the village of Dolgeville over the route used by the defendant, and is carrying such of the public as desire passage. As such he suffers a special injury from the unlawful acts of the defendant, and may maintain an action in equity to restrain them. *Brooklyn City Railroad Co.* v. *Whalen, supra; Niagara Gorge , R. Co.* v. *Gaiser, supra; United Traction Co.* v. *Smith, supra.*

Defendant also claims that plaintiff agreed, at the time the consent to use the streets was under consideration by the common council of the city of Little Falls, that he would not oppose a similar grant to any other person, and that his action in opposing the granting to defendant of a certificate of convenience and necessity by the public service commission was a violation of his agreement and acts as an equitable estoppel against his maintenance of this action. It is a sufficient answer to that contention that the consent granted by the city of Little Falls does not contain any such term or condition. Even if it did, it is doubtful whether it was within the power of the city authorities to impose any such condition to the consent which it should grant. Section 26 of the Transportation Corporations Law, which requires the consent of the city authorities, provides that the consent may be granted " upon such terms and conditions as said local authorities may prescribe, which may include provisions covering description of route, rate of speed, compensation for wear and tear of pavement, improvements and bridges, safeguarding passengers and other persons using such streets." By a familiar rule of statutory construction, the inclusion of enumerated terms and conditions limits

the general power to impose terms and conditions previously granted to others of the same general kind and character enumerated.

The local authorities of the city in which is located only a part of a proposed route have no power to determine whether public convenience and necessity will be served by the operation of a proposed route, and consequently have no right to refuse a consent upon that ground. *People ex rel. Aber* v. *Leonard,* 116 Misc. Rep. 591. Much less have they the power to impose as a condition to the granting of the consent that the applicant shall not oppose the granting of similar privileges to another. The consent of the municipality only applies to the use of the city highways forming a part of a route. The question which the public service commission is to decide is whether public convenience and necessity require the operation of the route as a whole, both within and out of the city. Transp. Corp. Law, § 25.

Plaintiff also asks that the damages suffered by him be ascertained, and that he have judgment therefor. The proof offered in substantiation of the claim for damages is so vague and uncertain as not to afford a basis for computation, and the claim for damages is denied.

Plaintiff is awarded judgment for a permanent injunction as demanded in the complaint, which should be so worded as not to interfere with the operation of a legitimate taxicab business by defendant. Costs of the action are awarded plaintiff.

Judgment accordingly.