JOSEPH DeMATTEIS, Respondent, v. McGOLRICK REALTY COMPANY, INC., et al., Appellants, Impleaded with Others.

(Argued June 3, 1932; decided July 19, 1932.)

*Archibald H. Kurland* and *J. Bernard Nipomnich* for appellants. Under the facts the defendants' buses are private carriers and their operation may not be restrained by plaintiff. (*Gerhard & Hey, Inc.,* v. *Cattaraugus Tanning Co.,* 241 N. Y. 413; *New York State Rys.* v. *Monroe Cab Corp.,* 134 Misc. Rep. 664; *United Traction Co.* v. *Smith,* 115 Misc. Rep. 73; *Utica-Clayville Bus Co.* v. *Waite,* 233 App. Div. 297; *Dover, S. & R. St. Ry. Co.* v. *Wentsworth,* 140 Atl. Rep. 505; *Meisner* v. *Detroit, B. I. & W. Ferry Co.,* 154 Mich. 545.)

*William D. Cameron* for respondent. The defendants are operating an omnibus line within the meaning of that term as it is used in the Public Service Law and the Transportation Corporations Law. (*Davis* v. *People,* 247 Pac. Rep. 801; *Public Service Comm.* v. *Hurtgan,* 91

Misc. Rep. 432; *United Traction Co.* v. *Smith,* 115 Misc. Rep. 73.)

*Per Curiam.* We are in agreement with the decision of the Appellate Division that the defendants are operating a " bus line or motor vehicle line or route " for the transportation of passengers without a certificate of convenience and necessity in competition with the plaintiff who is operating a bus line under a certificate of convenience and necessity after permission granted by local authorities as provided by section 66 of the Transportation Corporations Law (Cons. Laws, ch. 63).

The judgment should be modified, however, by adding the words " for public use in the conveyance of persons or property " after the word " route " where that word first appears in the injunction clause of the judgment and, as so modified, the judgment should be affirmed, without costs to either party.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.