Cohn, J.
Plaintiff, the appellant, is an omnibus corporation incorporated under the Transportation Corporations Law of this State. It owns and operates numerous bus lines, among them being the Highbridge Line in the borough of The Bronx, pur *558 suant to a franchise granted by the City of New York and a certificate of convenience and necessity issued by. the Public Service Commission of the State of New York. Charging that defendant is operating an omnibus line serving the same area and utilizing in large part the same streets as its Highbridge Line, plaintiff has instituted this action to enjoin such alleged illegal operation.
Defendant is a domestic corporation organized under the Stock Corporation Law. Since October, 1945, pursuant to written contracts made with owners of apartment houses located in the area referred to in the complaint, it has provided bus service to tenants of the apartment houses between their homes and the subway station at 161st Street and River Avenue, borough of Bronx. It also serves these tenants by carrying them to some thirteen regular bus stops _ along the route. The terminals are 161st Street and River Avenue and 168th Street and Nelson Avenue. Defendant runs its buses on fixed schedule over streets which in the main are the same as those on which plaintiff’s Highbridge Line operates. A lump sum is paid monthly to defendant by each apartment house owner for such bus service furnished his tenants. The number of families served is 678 and the compensation paid to defendant by the apartment house owners totals almost $1,000 monthly. Defendant exercises exclusive control over the operation of its buses, the selection of its drivers and other employees and over the choice -of routes and location of its stops. It has solicited and continues to solicit numerous other apartment house owners in the vicinity of its present route for the purpose of having the owners enter into contracts with it to furnish such bus transportation to the tenants and it will contract with the owner or agent of any apartment house in the vicinity to furnish tenants with such bus transportation. At no time has defendant received a franchise or consent from the City of New York nor has it obtained a permit or certificate of convenience and necessity from the Public Service Commission of the State of New York for the operation of buses over the route it-is now using.
Upon these facts, all of which are conceded, we are of the opinion that defendant’s bus operation is illegal and contrary to the provisions of the Public Service Law, the Transportation Corporations Law and the Administrative Code of the City of New York.
The Public Service Law in defining an omnibus line, provides: “ The term ‘ omnibus line, ’ when used in this chapter, means a motor vehicle or motor vehicles operated for the use and con *559 venience of the public, usually along the same route or between stated termini, or on a fixed or stated schedule, carrying passengers for hire, and the property and equipment used in connection therewith. * * * (§ 2, subd. 28.) The same statute requires a certificate of public convenience and necessity, as appears from the following: “No omnibus corporation shall operate an omnibus line without first having obtained the permission and approval of the commission having jurisdiction and its certificate of public convenience and necessity, after a hearing had upon notice. # * * ” (§ 63-d, subd. 1.)
The Transportation Corporations Law, defining a common carrier and providing for a certificate of convenience and necessity, reads as follows: “ Any person or corporation owning or operating a stage, omnibus line or motor vehicle line or route or vehicles described in the next succeeding section of this article wholly or partly upon and along any street, avenue or public place in any city shall be deemed to be a ‘ common carrier ’ * * * and shall be required to obtain a certificate of convenience and necessity for the operation of the route or vehicles proposed to be operated * * (§65.) The consent of the city authorities is commanded by the provisions of section 66 of that statute: “No * # * omnibus line * * * motor vehicle line or route, nor any vehicle in connection therewith, and no vehicle carrying passengers at a rate of fare of fifteen cents or less for each passenger within the limits of a city or in competition with another common carrier which is required by law to obtain the consent of the local authorities of such city to operate over the streets thereof shall be operated wholly or partly upon or along any street, avenue or public place in any city, nor shall a certificate of public convenience and necessity be issued therefor, until the owner or owners thereof shall have procured, after public notice and a hearing, the consent of the local authorities of such city, as defined by the railroad law, to such operation, upon such terms and conditions as said local authorities may prescribe. # * * ”
The pertinent provision of the. Administrative Code of the City of New York forbidding the operation of an omnibus line without an appropriate franchise, reads: “ § 362-1.0 Stage and omnibus routes forbidden until franchise obtained. It shall be unlawful for any omnibus route or routes for public use, or any alteration or extension thereof, or any alteration or extension of any existing stage or omnibus route to be operated in or upon any street within the city until and unless a franchise or right therefor shall be obtained from the board of estimate in like *560 manner as, and subject to the limitations and conditions relating to, franchises or rights provided and imposed by the charter and the code.”
Admittedly, defendant’s bus line is regularly operated over the same route, between the above-stated termini and upon a fixed schedule. Defendant contends, however, that it is not “ carrying passengers for hire ” and that it is not operating motor vehicles “ for the use and convenience of the public ” and hence is not an omnibus line within the definition of the term as stated in the Public Service Law (§2, subd. 28).
Defendant’s contention that it is not carrying passengers for hire is baseless. Its omnibuses are carrying passengers' under contract with the landlords. Each landlord pays to-defendant a monthly lump sum to furnish the service. The compensation is paid to defendant for carrying passengers. Whether the cost of the service is borne by the landlords or by the tenants is immaterial. The fact remains that defendant is receiving pay to transport passengers and is accordingly carrying passengers for hire.
The argument of defendant that defendant is not a common carrier operating for the use and convenience of the public is equally groundless. That it is a common carrier as the term is defined in the Transportation Corporations Law heretofore quoted (§§ 65, 66) cannot be doubted. That it is operating its buses for the use and convenience of the public is equally clear. The fact that defendant carries only tenants of the landlords with whom it has contracted or with whom it may hereafter contract is not a sufficient limitation to remove the public character of its service. The rule is well established that an operation need not be open to all to make it a public use. (Terminal Taxicab Co. v. Dist. of Col., 241 U. S. 252, 255; Anderson v. Fidelity S Casualty Co., 228 N. Y. 475, 488-490.) “ No carrier serves all the public. His customers are limited by place, requirements, ability to pay and other facts. * * * The public does not mean everybody all the time.” (Terminal Taxicab Co. v. Dist. of Col., supra, p. 255.) Within the limits of its functions defendant is available to everyone who desires the use of its facilities. At the present time it is accommodating 678 families. Its service affects so considerable a fraction of the public in the afore-mentioned area that it is public in the same sense in which that term is applied to any other service.
Under the broad statutory definition of the term “ omnibus line ” there is nothing to indicate that one must serve all the public. Indeed, the Legislature in defining the term (Public *561 Service Law, § 2, subd. 28) specifically excludes certain operations, namely, (1) hotel buses used exclusively for the transportation of patrons to local railroad or other common carrie v stations; (2) motor vehicles operated as taxicab service, unless such service is a regular service between stated termini; (3) motor vehicles used for the transportation of children to and from schools, operated under contracts made pursuant to the provisions of the Education Law, and (4) vehicles owned or leased by school districts used solely for the transportation of children to and from schools. These operations our lawmakers evidently felt would otherwise have come within the scope of the statutory definition of an omnibus line. There is no such exemption in the case of so-called “ apartment house buses,” notwithstanding that buses, like defendant’s, which render that service are much more clearly within the definition of an omnibus line than any of the above-méntioned categories which the Legislature believed it necessary to exempt.
Upon the conceded facts and under the statute, defendant is operating an omnibus line for the use and convenience of the public. Defendant is not a private carrier but is a common carrier. (DcMatteis v. McGoldrick Realty Co., 259 N. Y. 452; Anderson v. Fidelity & Casualty Co., supra; Public Service Commission v. Booth, 170 App. Div. 590, 592; Darling v. Darling, 118 Misc. 817, 820.) The same conclusions have been reached by the courts of other States in comparable situations. (Service Corp. v. P. U. C., 127 Ohio St. 47; Bingaman v. P. S. C., 105 Pa. Superior Ct. 272; Doskovitch v. Bd. Pub. Utility Commrs., 103 N. J. L. 570; State v. Ferry Line Auto Bus Co., 93 Wash. 614.) In the Doskovitch case (supra) the New Jersey court, in holding plaintiff’s operation to be within the statute, said (p. 573): “ That passengers are limited to a certain class does not, other statutory conditions existing, take the vehicle or its use out of the control contemplated by the statute. * * * I think it may be said that this statute, having many purposes, has amongst all of them two prominent ones, namely, protection of the public in safety of carriage, and compensation for the use of public highways over which the vehicles are operated, and that if a vehicle and its use come fairly within the terms of the statute, no restriction, plan or limited use, whether for the purpose of evasion or otherwise, will be sufficient to take it out of the control and operation of the statute.”
Plaintiff rightfully argues that under defendant’s theory an omnibus operator could contract with all apartment houses along a well known thoroughfare, such as the Grand Concourse *562 in the borough of Bronx, to furnish service to the tenants of such apartment houses along its entire length; that since that section consists entirely of apartment houses the operator would then be transporting every person who lives in the area and yet could contend that it did not need a franchise from the City of New York or a certificate of convenience and necessity from the Public Service Commission. To allow such operation would defeat the worthy purposes of the Public Service Law, the Transportation Corporations Law and the Administrative Code of the City of New York which are designed not only to protect the public but to assure to it safe and supervised transportation and to secure to the city the percentage of its gross receipts which defendant would have to pay in order to obtain a franchise. (Transportation Corporations Law, § 66; Administrative Code, § 362-1.0; New York City Charter, §§ 361-375.)
We find that defendant’s operation is in violation of the statute and we also find that its bus line is in competition with plaintiff, a common carrier which has obtained the consent of the local authorities to operate and a certificate of convenience and necessity from the State. In the circumstances plaintiff’s right to maintain this action for injunctive relief is clear. (DeMatteis v. McGoldrick Realty Co., supra; Huff v. City of New York, 202 App. Div. 425; Brooklyn City Railroad Co. v. Whalen, 191 App. Div. 737, affd. 229 N. Y. 570; Kingsbridge Railway Co. v. City of New York, 204 App. Div. 369; Transportation Corporations Law, § 66.)
The judgment should be reversed, with costs and judgment should be entered in favor of plaintiff, with costs.
Martin, P. J., Glennon and Dore, JJ., concur; Townley, X, dissents and votes to affirm.
Judgment reversed, with costs and judgment directed to be entered in favor of plaintiff, with costs. Settle order on notice,