PUBLIC SERVICE COMMISSION, Appellant, *v.* GRAND CENTRAL CADILLAC RENTING CORPORATION, Respondent, and THE CITY OF NEW YORK, Intervener, Respondent.

First Department, April 26, 1948.

*Philip Hodes* of counsel (*Samuel R. Madison* with him on the brief; *Sherman C. Ward,* acting counsel to Public Service Commission, attorney), for appellant.

*Harry Merwin* of counsel (*Harry S. Bandler* with him on the brief; *Bandler, Brady & Haas,* attorneys), for respondent.

VAN VOORHIS, J.   The question on this appeal is whether the respondent Grand Central Cadillac Renting Corporation, now known as Carey Airport Service, Inc., in furnishing motor vehicle service for the transportation of passengers between

LaGuardia Field and the Airlines Terminal Building on Park Avenue between 41st and 42nd Streets, in the borough of Manhattan, New York City, is subject to regulation by the Public Service Commission.

Subdivision 1 of section 63-d of the Public Service Law provides: "No omnibus corporation shall operate an omnibus line without first having obtained the permission and approval of the commission and its certificate of public convenience and necessity, after a hearing had upon notice." The question before the court is whether the vehicular service rendered by the respondent makes it an omnibus corporation within the meaning of this law.

The term "omnibus corporation" is defined by subdivision 29 of section 2 of the same act as a corporation operating an omnibus line. "Omnibus line" is defined by subdivision 28 of section 2 as including motor vehicles operated "for the use and convenience of the public, usually along the same route or between stated termini, or on a fixed or stated schedule, carrying passengers for hire, and the property and equipment used in connection therewith." Hotel buses, used exclusively for the transportation of patrons to local railroad or other common carrier stations, are specifically excluded, as are also school buses and taxicab service, unless the latter is held out to be regular service between stated termini.

The present issue centers upon whether respondent serves the public, in the sense of being a public carrier, so as to bring it within the coverage of this statute.

The vehicles involved in this litigation at the time of its commencement, owned by respondent, were thirty-two in number, all having a capacity of eleven passengers, exclusive of the driver, and operated on schedule between the Airlines Terminal Building and LaGuardia Field to meet incoming and outgoing planes. They are available, on payment of a charge of $1 per person for each one-way trip, to airline passengers and their guests, and also, at a reduced fare, to government or municipal employees and others having special business in connection with the airlines or at the airport. A regular route is customarily traveled to and from the airport. Respondent's operations are subject to contract between it and the various airlines, and also to contract with the City of New York.

Respondent has operated for many years without a certificate of public convenience and necessity from the Public Service Commission or its predecessor, the Transit Commission, although it did procure such a certificate from the Interstate

Commerce Commission with respect to similar passenger transportation service across the State boundary to the airport at Newark, New Jersey. Lapse of time matures no prescriptive right to exemption from public regulation (*Matter of Rochester Transit Corp.* v. *Pub. Serv. Comm.*, 271 App. Div. 406), and the practical construction of a statute by those charged with its enforcement is relevant only where the statute is ambiguous (*Kocak* v. *Metropolitan Life Ins. Co.*, 144 Misc. 422, 425, affd. 237 App. Div. 780, affd. 263 N. Y. 518). It may well be that, from a practical standpoint, all of the regulation of respondent that is presently necessary is being supplied by the City of New York, such regulation having been imposed as a condition in the contract allowing respondent the use of necessary terminal facilities at the municipally owned LaGuardia Field. The conclusion is unavoidable, however, that it was the intention of the Legislature to bring such transportation service within the jurisdiction of the Public Service Commission. The statute conferring jurisdiction on the Public Service Commission is not ambiguous, and therefore failure to enforce it over the years has no weight as a practical construction.

The service furnished by respondent is between fixed termini, according to regular schedule insofar as vagaries of the weather permit in the operation of airlines, and respondent serves the public in that the public is admitted, without discrimination, to the extent that it has the fare and the inclination to travel by airplane. The limitation that only airline passengers and their satellites are eligible to use this motor carrier service, is not controlling. No carrier serves all of the public, as Justice HOLMES remarked in *Terminal Taxicab Co.* v. *District of Columbia* (241 U. S. 252, 255) wherein a passenger transportation service by motor vehicle, essentially similar to the one at bar, was held to make its proprietor a public carrier. The principle of that decision has been adopted in *Anderson* v. *Fidelity & Casualty Co.* (228 N. Y. 475, 488), *DeMatteis* v. *McGoldrick Realty Co.* (259 N. Y. 452) and *Surface Transp. Corp.* v. *Reservoir Bus Lines* (271 App. Div. 556) which are directly in point. The very fact that in the statute which we are construing (Public Service Law, § 2, subd. 28) the Legislature found it necessary specifically to exclude hotel buses and school buses, and certain kinds of taxi service, which have less of the characteristics of public carriers than respondent's line, shows that this section of law was recognized to have been so drafted as to include carrier service of the type in question, unless expressly excepted by the language of the act. There is no exception which could apply to respondent's line.

It might have been logical for the Civil Aeronautics Board to have been given jurisdiction, on the theory that this is a terminal service which is an adjunct to the interstate carriage of passengers by plane. By analogy, the Federal Transportation Law (U. S. Code, tit. 49, § 302) exempts from regulation under the Federal Motor Carrier Act transportation by motor vehicle in conjunction with a common carrier by railroad, evidently on the theory that such transportation is incidental to that which is supplied by the railroad and is therefore subject to regulation by the Interstate Commerce Commission which has jurisdiction over the railroad. The Civil Aeronautics Act (U. S. Code, tit. 49, ch. 9), however, contains no authorization to the Civil Aeronautics Board to regulate analogous terminal service as an adjunct to its regulation of air commerce, nor has any statutory exemption been found corresponding to that under the Motor Carrier Act where a similar service is rendered in connection with interstate railroads. In the absence of regulatory jurisdiction in the Civil Aeronautics Board, at least, respondent is subject to the jurisdiction of the State Public Service Commission as an omnibus corporation.

The orders appealed from should be reversed, with costs to the petitioner-appellant and an injunction granted to the Public Service Commission, petitioner-appellant, restraining defendant-respondent from operating its said passenger transportation service between the Airlines Terminal Building in the borough of Manhattan, New York City, and LaGuardia Field, without obtaining a certificate of convenience and necessity under section 63-g of the Public Service Law.

PECK, P. J., DORE and SHIENTAG, JJ., concur; GLENNON, J., dissents and votes to affirm.

Orders reversed, with costs to the petitioner-appellant and an injunction granted to the Public Service Commission, petitioner-appellant, restraining defendant-respondent from operating its passenger transportation service between the Airlines Terminal Building in the borough of Manhattan, New York City, and LaGuardia Field, without obtaining a certificate of convenience and necessity under section 63-g of the Public Service Law. Settle order on notice.